IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ERIC JOHN WALSH,** | ) | **Civil Action No. 7:12-cv-00587** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CLARKE, et al.,** | ) | By:  Norman K. Moon |
| Defendants. | ) | United States District Judge |

Plaintiff Eric John Walsh, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights.  Defendants Harold Clarke, Malcolm Taylor, Larry Edmonds, Bernard Booker, and Virginia Hunt filed a motion for summary judgment, and Walsh filed a response.  Defendant Raymond Espinoza filed a motion to dismiss and the time for Walsh's response has expired, making this matter ripe for disposition.  For the following reasons, I will grant the defendants' motion for summary judgment, and I will dismiss Walsh's claims against Espinoza without prejudice.

## I.  BACKGROUND

Walsh, who is currently confined at Buckingham Correctional Center ("Buckingham"), claims that he has been diagnosed with celiac disease, and defendants have failed to provide him with a suitable diet that does not contain gluten.[1]  Walsh states that celiac disease is a "chronic nutritional disturbance, caused by the inability to metabolize gluten and resulting in malnutrition and a distended abdomen."  Pl.'s Compl. 5 (Docket No. 1).  Still, Walsh claims that he has been

---

[1] Walsh does not specify what constitutional right he claims the defendants violated.  Defendants Clarke, Taylor, Edmonds, Booker, and Hunt "based on [Walsh's] allegations that he is not receiving the diet that he alleges he requires," construe his complaint as an Eight Amendment conditions of confinement claim.  *See* Defs.' Mem. in Supp. of Mot. for Summ. J. 1 (Docket No. 25).  Espinoza construes Walsh's complaint as an Eighth Amendment claim for the deliberate indifference to a serious medical need.  *See* D.'s Mem. in Supp. of Mot. to Dismiss 5-6 (Docket No. 34).  As discussed below, because Walsh failed to exhaust his administrative remedies, and because he failed to respond to Espinoza's motion to dismiss, I will dismiss Walsh's claims against all of the defendants without prejudice.  Thus, I do not need to decide which constitutional claim Walsh is attempting to bring at this time.

served gluten "consistently," including grits, oatmeal, farina, cornbread, corn-on-the-cob, saffron, rye, barley, and malt. *Id.* at 6.

In the emergency grievances that Walsh submitted along with his complaint, Walsh contends that he is served rice and beans too often, as many as three times per day, and that he is not receiving sufficient meat in his diet. Walsh Regular Grievance (July 11, 2012) (Docket No. 1-3 at 1). Walsh claims that he has become "sick" and "weak from not getting the right food." Walsh Emergency Grievance #87437 (May 11, 2012) (Docket No. 1-3 at 15). Walsh alleges that defendants Clarke, Taylor, Edmonds, and Booker have failed to properly address his grievances regarding his dietary needs by failing to "follow up" on those grievances, and "forward[ing] all grievances" to other Virginia Department of Corrections ("VDOC") employees "without any input, action, question or concern."[2] Pl.'s Compl. 5. Walsh also claims that Hunt, the Food Operations Director for Buckingham, refused to meet with him and consistently served him food items containing gluten. Lastly, Walsh claims that Espinoza, an employee of the Blue Ridge Regional Jail, "misled [him] into thinking" certain foods, such as oatmeal and rice, were acceptable, leading to additional medical problems related to his disease. Pl.'s Compl. 6.

## II.   LEGAL STANDARD

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit

---

[2] However, Walsh does not allege, or provide any evidence, that the defendants failed to respond to his grievances, so that he was prevented from exhausting his administrative remedies. *See Hill v. O'Brien*, 387 F. App'x. 396, 401 (4th Cir. 2010) (citing *Lewis v. Washington*, 300 F.3d 829, 831-32 (7th Cir. 2002)).

under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50.

When considering a motion for summary judgment, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the non-moving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The party seeking summary judgment bears the burden of showing an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. If the moving party sufficiently supports its motion for summary judgment, the burden shifts to the non-moving party to set forth specific facts illustrating genuine issues for trial. *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (citation omitted). On those issues for which the non-moving party has the burden of proof, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in the rule. Fed. R. Civ. P. 56(c); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993).

The court's role is to determine whether there is a genuine issue based upon the facts, and "not . . . weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. However, the trial court has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24). At the summary judgment stage, the nonmoving party must come forward with more than "'mere speculation or the building of one inference upon another'" to resist dismissal of the action. *Othentec Ltd. v. Phelan*, 526 F.3d 135,

3

140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)); *see also Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006) ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.").

A grant of summary judgment is reviewed de novo, drawing reasonable inferences in the light most favorable to the nonmoving party. *Webster v. U.S. Dep't of Agric.*, 685 F.3d 411, 421 (4th Cir. 2012). The reviewing court will uphold the district court's grant of summary judgment unless it finds that a reasonable jury could return a verdict for the non-moving party on the evidence presented. *See EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 174-75 (4th Cir. 2009).

### III.  DISCUSSION

#### a. Defendants' Motion for Summary Judgment

In their motion for summary judgment, defendants argue that Walsh failed to exhaust his administrative remedies regarding his dietary needs claim. The Prison Litigation Reform Act ("PLRA") provides that, under 42 U.S.C. § 1997e(a), a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. *Nussle v. Porter*, 534 U.S. 516, 524 (2002). This exhaustion requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes . . . whether they allege excessive force or some other wrong," and whether the form of relief the inmate seeks is available under the administrative procedure. *Id*. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). To comply with § 1997e(a), an inmate must follow each step of the established administrative procedure that the facility provides to prisoners and meet all

deadlines within that procedure before filing his § 1983 action. *See Woodford v. Ngo*, 548 U.S. 81, 90-94 (2006). The defendants bear the burden of proving the affirmative defense that Walsh failed to exhaust available administrative remedies regarding his claims. *Jones*, 549 U.S. at 212.

Operating Procedure ("OP") 866.1 sets out the administrative procedure inmates in VDOC prisons must follow to resolve grievances. An inmate must first make a good faith effort to informally resolve his grievance about an incident by submitting an informal complaint. If dissatisfied with the response to his informal complaint, the inmate may then file a regular grievance within 30 days of the incident, with the informal complaint and response attached. Aff. of S. Meinhard at ¶ 6 (Docket no. 25-1). An inmate may file an emergency grievance if he believes there is a situation which may subject him to immediate risk of serious personal injury or irreparable harm. However, the filing of an emergency grievance does not satisfy the exhaustion requirement. Meinhard Aff. at ¶ 9.

OP 866.1 provides three levels of review for regular grievances. The Warden or Superintendent of the facility conducts Level I reviews. If the inmate is dissatisfied with the Level I determination, he may appeal the determination to Level II. Level II reviews are conducted by the Regional Administrator, Health Services Director, or Chief of Operations for Offender Management Services. For most issues, Level II is the final level of review. However, certain issues are appealable to Level III, where the review is conducted by the Deputy Director or Director of the VDOC. Meinhard Aff. at ¶ 8.

Both Walsh and the defendants have submitted copies of the pertinent grievance forms in this case. Those records, along with an affidavit from the grievance coordinator at Buckingham, S. Meinhard, show that Walsh submitted a regular grievance on June 18, 2012, complaining that

he was receiving rice and beans for every meal, and that he should be receiving meat.[3] *See* Docket No. 25-1 at 19. An informal complaint dated June 7, 2012, was attached to this grievance. *Id.* at 21. On July 16, 2012, Warden Edmonds provided a Level I response to Walsh's grievance, determining that the grievance was unfounded, as Walsh was provided a gluten-free diet in accordance with guidelines established by the state dietician, and rice and beans was an approved substitute. Meinhard Aff. at ¶ 12; *see* Docket No. 25-1 at 22. Walsh did not appeal this grievance to Level II, and therefore did not exhaust his administrative remedies regarding his diet at Buckingham. *See* Meinhard Aff. at ¶ 13. Walsh later submitted an emergency grievance on September 18, 2012, complaining that he still was not receiving a gluten-free diet. Docket No. 25-1 at 23.[4]

     Walsh also submitted several informal complaints and an emergency grievance while he was being held at Powhatan Correctional Center ("Powhatan"), from March 28, 2012, until his transfer to Buckingham on May 18, 2012. An affidavit by the grievance coordinator at Powhatan, S. Larlee, reveals that Walsh submitted an emergency grievance on May 11, 2012, complaining that he was sick because he was not receiving a proper diet. Aff. of S. Larlee at ¶ 5 (Docket No. 25-2). A nurse responded to the emergency grievance, instructing Walsh to submit a sick call request. Walsh also submitted informal complaints on May 12 and 14, 2012, complaining that he was sick because he was not receiving a proper gluten-free diet. Larlee Aff. at ¶¶ 4-6. Walsh did not submit any regular grievances while at Powhatan, and he did not

---

[3] The grievance coordinator initially rejected this grievance as not meeting the intake criteria. However, at Walsh's request, the Regional Ombudsman reviewed the intake decision and determined that Walsh's grievance met the criteria. Thus, the grievance was returned to the facility for logging on July 11, 2012, and Warden Edmonds provided a Level I response.

[4] Walsh attaches multiple Buckingham "Kite forms" to his complaint, dated July 18 and 22, 2012, October 18, 2012 and May 28, 2012, which include questions and complaints regarding his diet, and his frustration with getting rice and beans too often. However, these are not grievance forms under the OP 866.1 procedure.

exhaust his administrative remedies regarding his diet while he was incarcerated there. Larlee Aff. at ¶ 7.

In his complaint, Walsh asserts that he has "exhausted all remedies to arbitrate with [Buckingham] to no avail." Pl.'s Compl. 6. However, in his response to the defendants' motion for summary judgment, Walsh does not contest defendants' evidence that he failed to exhaust his administrative remedies. In short, Walsh has failed to make any specific arguments or file any supporting documentation regarding his exhaustion of administrative remedies for his dietary claims. Accordingly, I conclude that Walsh has failed to properly exhaust his claims against defendants Clarke, Taylor, Edmonds, Booker, and Hunt, and those claims must be dismissed without prejudice pursuant to 42 U.S.C. § 1997(e)(a).

### b. Espinoza's Motion to Dismiss

Espinoza filed a motion to dismiss on April 30, 2013. The court notified Walsh of Espinoza's motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and warned Walsh that judgment might be granted for the defendant if he did not respond to the motion by filing affidavits or other documents contradicting the Espinoza's evidence or otherwise explaining his claims. The May 1, 2013 notice advised Walsh that if he did not respond to Espinoza's motion in some fashion, the court would assume that he had lost interest in the case or that he agreed with the defendant's arguments and the court would dismiss his claims without prejudice for failure to prosecute. *See* Docket No. 35.

The time allotted for Walsh's response to Espinoza's motion to dismiss has elapsed with no response from Walsh. Accordingly, I will dismiss Walsh's claims against Espinoza without prejudice for failure to prosecute.

### IV. CONCLUSION

For the foregoing reasons, I grant Clarke, Taylor, Edmonds, Booker, and Hunt's motion for summary judgment, and dismiss without prejudice Plaintiff's claims against these defendants for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). Furthermore, I dismiss Walsh's claims against Espinoza without prejudice, and dismiss Espinoza's motion to dismiss as moot.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the parties.

**ENTER**:  This  30th  day of July, 2013.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE